**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Pension Fund, by and through its** | : | **Civil Action** |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | **No.: 1:19-cv-04839** |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Legal & Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Zachary Frankenbach,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |

1

| | |
|---|---|
| **Parking Industry Labor Management Committee, by and through its Board of Trustees, John T. Coli, Jr., Nicholas Micaletti, James Buczek, and Michael Prussian,**<br>1300 W. Higgins Road, Suite 103,<br>Park Ridge, IL 60068 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs, | : |
| v. | : |
| **Addis Parking, a.k.a. TBF Parking,**<br>120 S. State Street, Suite 200<br>Chicago, IL 60603 | :<br>:<br>:<br>: |
| Defendant. | : |

## COMPLAINT

### INTRODUCTION

Plaintiffs bring this action against Defendant pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order to direct Defendant to pay delinquent contributions, interest, liquidated damages, attorneys' fees and costs, and any other amounts permitted in equity or by law, arising from its failure to pay fringe benefit contributions timely.

### JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2. Defendant is located in Cook County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3.  Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly administered, multiemployer employee pension plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

5.  The Pension Fund is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions from employers that are parties to collective bargaining agreements with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

6.  Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *Exhibit A, Pension Fund Trust Agreement.* Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7. Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

8. The Welfare Fund is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Welfare Fund receives contributions from employers that are parties to collective bargaining agreements with the Union.

9. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit B, Welfare Fund Trust Agreement.* Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly administered, multiemployer welfare plan within the meaning of section 302(c)(5), (7) and (8) of the LMRA, 29 U.S.C. § 186(c)(5), (7) and (8), and sections 3(1) and

3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

11. The L&E Fund is administered by a joint labor-management Board of Trustees and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The L&E Fund receives contributions from employers that are parties to collective bargaining agreements with the Union.

12. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"). *Exhibit C, L&E Fund Trust Agreement*. Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the L&E Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13. Plaintiff PILMC is a jointly administered labor-management committee within the meaning of section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). The PILMC's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

14. The PILMC is administered by a joint labor-management Board of Trustees and exists for the purpose of improving communication, expanding work opportunities and advancing common interests within the parking industry. The PILMC receives contributions from employers that are parties to a collective bargaining agreement with the Union.

15. Plaintiffs John T. Coli, Jr., Nicolas Micaletti, James Buczek, and Michael Prussian are Trustees of the PILMC pursuant to the PILMC's Agreement and Declaration of Trust ("PILMC Trust Agreement"), *Exhibit D, PILMC Trust Agreement*. Plaintiffs Coli, Jr., Micaletti, Buczek, and Prussian's business address as Trustees of the PILMC is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

16. Defendant Addis Parking ("Addis" or "Defendant"), also known as TBF Parking, is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a), and section 3(5) of ERISA, 29 U.S.C. § 1002(5). Addis' principal place of business is located at 120 S. State Street, Suite 200, Chicago, IL 60603.

## CONTRIBUTION OBLIGATIONS

17. For all times relevant to this action, Defendant was party to a Collective Bargaining Agreement ("CBA") with the Union. *Exhibit E, 2016-2021 Collective Bargaining Agreement*.

18. Article 20 of the CBA sets forth Addis' obligation to make monthly contributions to the Pension, Welfare, and L&E Funds on behalf of employees performing work covered by the CBA. *Exhibit E, p. 18-19*.

19. Article 37 of the CBA sets forth Addis' obligation to make monthly contributions to the PILMC on behalf of employees performing work covered by the CBA. *Id., p. 23*.

20. The respective Trust Agreements of the Pension, Welfare and L&E Funds include a provision for the collection of delinquent contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …
>
> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section. An Employer in default as of the date

6

> established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the Plan or the rules and regulations. In the absence of the rate set forth in the Plan or rules and regulations, the interest rate used each moth shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal in the first business day of each month.

*Exhibit A, Pension Fund Trust Agreement, pp. 18-19; Exhibit B, Welfare Fund Trust Agreement, pp. 19-20; Exhibit C, L&E Trust Agreement, p. 18-19.*

21. The PILMC's Trust Agreement also contains a provision imposing interest and liquidated damages on delinquent contributions:

> An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the rules and regulations. In the absence of a rate set forth in the rules and regulations, the interest rate used each month shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal on the first business day of each month.

*Exhibit D, PILMC Trust Agreement, pp. 21-22.*

22. The PILMC's Trust Agreement further includes a provision for the collection of contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection.

*Id. at p. 21.*

23. Consistent with the Funds' respective Trust Agreements, the Trustees established a policy for the collection of contributions which requires employers to submit signed remittance reports together with their monthly contributions. A remittance report requires an employer to identify the employees for whom contributions are due and owing, the number of hours worked by each employee, wages paid to each employee, and the contribution amount owed for each employer. *Exhibit F, Collection Policy.*

7

24. The Trustees also established a policy for conducting payroll audits of employers. *Exhibit G, Audit Policy.*

25. Copies of the Collection Policy and the Audit Policy were provided to Defendant.

## ERISA AND LMRA ENFORCEMENT

26. Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on fiduciaries to determine the contributions owed to a plan as well as a responsibility to collect them.

27. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

28. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by Defendant, and (E) such other legal or equitable relief as the court deems appropriate."

29. Section 301(a) of the LMRA, 29 U.S.C § 185(a), and federal common law authorize the enforcement of collective bargaining agreements, including trust agreements like the PILMC Trust Agreement, in the federal courts.

## COUNT I
## DELINQUENT CONTRIBUTIONS, INTEREST,

8

**LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS, ETC.**

30. Plaintiffs incorporate by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Pursuant to the CBA it signed with the Union, the Trust Agreements, the Collection Policy, and the Audit Policy, Defendant is obligated to pay contributions to each Plaintiff Fund for the employees covered by the CBA, plus interest, liquidated damages, and attorney's fees and costs on any delinquent contributions.

32. On or about September 10, 2017 and continuing thereafter, Defendant began making late payments to Plaintiff Funds.

33. On or about June 10, 2018 and continuing thereafter, Defendant stopped making contributions to Plaintiff Funds altogether.

34. Efforts to resolve this matter short of litigation have failed.

35. The Funds have been economically harmed by Defendant's conduct.

36. Defendant's refusal to pay delinquent contributions, plus interest, liquidated damages, and attorney's fees and costs, all as required by the CBA, the Trust Agreements, the Collection Policy and the Audit Policy, violates section 515 of ERISA, 29 U.S.C. § 1145, and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**WHEREFORE,** the Funds pray that the Court grant the following relief:

(a) That the Court enter judgment in favor of Plaintiffs and against Defendant, and that Defendant be ordered to pay all delinquent contributions, plus interest, liquidated damages, audit fees, and attorney's fees and costs; and

(b) That the Court enter judgment in favor of the Plaintiffs and against Defendant for any additional contribution amounts that may be found due and owing to the

       Plaintiffs during the pendency of this litigation, plus interest, liquidated damages, and attorney's fees and costs; and

(b)    That the Court order such other relief that the Court deems just and appropriate.

          Respectfully submitted,

          WILLIG, WILLIAMS & DAVIDSON

          __s/ Linda M. Martin_____
          LINDA M. MARTIN, ESQUIRE
          *Lead Counsel*
          1845 Walnut Street, 24th Floor
          Philadelphia, PA  19103
          Office       (215) 656-3665
          Facsimile  (215) 561-5135
          Email      lmartin@wwdlaw.com

          ILLINOIS ADVOCATES, LLC

          __s/  William Tasch_____
          WILLIAM TASCH, ESQUIRE
          77 W. Washington, Suite 2120
          Chicago, IL  60602
          Office       (312) 346-2052
          Facsimile  (312) 492-4804
          Email      William.Tasch@iladvocates.com

ILLINOIS ADVOCATES, LLC

　　s/ Cara M. Anthaney_____ \_\_\_\_\_
CARA ANTHANEY, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL 60602
Office　　　　(312) 346-2052
Facsimile　　 (312) 492-4804
Email　　　　 cara.anthaney@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No. 727 Benefit Funds and Trustees*

Dated: July 19, 2019

11